# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv211

| | |
|---|---|
| ROMAN C. JAROSIEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| THE COUNTY OF RUTHERFORD, | ) |
| NORTH CAROLINA; JOHN W. | ) |
| CONDREY, Individually and in his | ) |
| official capacity as County Manager; | ) |
| DON BAYNARD, Individually and | ) |
| in his official capacity; JUDITH H. | ) |
| TONEY, Individually and in her | ) |
| official capacity; and ROBERT | ) |
| TATE, Individually and in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Plaintiff has filed a timely response and defendants have filed a reply. The factual setting of this case is simple. The Complaint is inordinately complex. The Motion to Dismiss reflects this complexity, and simply reading the arguments is a daunting task. In the end, implicit in defendants' motion is the task of rewriting plaintiff's 18-page Complaint. Such a task is not well suited for the Memorandum and Recommendation, Objections, and Decision process.

Plaintiff alleges that after approximately nine years of working in the county landfill - - during which he was allegedly subject to harassment from his immediate supervisor based on his national origin, Poland - - he was fired on November 29, 2004, after he complained that he had been assaulted by that supervisor. In the hands of counsel for plaintiff, that discrete event has been turned into an 18-page Complaint, involving eight causes of action, against five defendants, all of whom appear to be lumped into each claim. Defendants have

moved to dismiss a number, but not all, of the claims.

Plaintiff's Complaint as well as the responsive motion are typical pleadings in Section 1983 public employment actions. The court has found that where a plaintiff takes a shotgun approach to pleading, however, and does not take the time initially to specify *by name* which defendant is being sued in each claim, he or she is inviting a most complex motion to dismiss from the defendants. The better pleading practice is to specify in each cause of action the name or names of the defendants against whom the claim is asserted. A good example is the form of indictment used in federal criminal cases, where certain defendants may be named in one count and not named in another. Through such a method, a defendant has clear notice of what he must defend. In the context of Section 1983, it is also advisable to state as to each defendant whether they are being sued in their official or individual capacities, or both, as to each claim.

With eight causes of action and five defendants, and two possible capacities for suit, there now exist about 40 or more possible causes of action, many of which are subject to defendants' motion to dismiss. Review of the arguments in support, opposition, and reply reveals that there is some agreement as to which claims have really been asserted and which claims should be dismissed. Defendants' reply outlines which claims are in dispute.

Rather than spend several days of court time deciding the pending motion, which would simply be a court-imposed rewriting of the Complaint, the court will grant plaintiff leave to amend his Complaint to clarify what claims he is attempting to assert against which defendants. In doing so, plaintiff should be aware that court agrees with plaintiff's arguments that a motion to dismiss is not the time to test the sufficiency of the evidence and that pleading in the alternative is anticipated by Rule 8, Federal Rules of Civil Procedure; on the other hand, defendants' legal analysis of the flaws with the Complaint is spot on and

provides textbook quality guidance on what claims should go forward. Understanding that there can be but one remedy for one wrong, <u>Armour & Co. v. Lambdin</u>, 154 Fla. 86 (1944),[1] plaintiff is encouraged to streamline his Complaint and consider whether he wishes to waste additional time fighting over claims which have little support in law, or spend his resources and time in discovery deposing those people who he believes discriminated against him and allegedly failed to take steps to provide him with a discrimination free workplace.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#9) is **DENIED WITHOUT PREJUDICE**, and plaintiff is **GRANTED LEAVE** to file an amended complaint within 14 days.

---

[1] "At common law it was the rule to allow only one remedy for one wrong, although several different remedies were provided." <u>Id.</u>, at 95.

**Signed: August 18, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge