FILED
ASHEVILLE, N. C.
OCT 1 1 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:05 CV 211-T

ROMAN C. JAROSIEWICZ, )
) **CONSENT PROTECTIVE ORDER**
Plaintiff, )
)
)
v. )
)
THE COUNTY OF RUTHERFORD, et al. )
)
Defendants. )
)

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A-98(c)(4). The parties have sought such an order so as to be in compliance with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

2. Defendants will provide the personnel files and personal information of the Plaintiff and the individual Defendants, Don Baynard and Robert Tate, to the Plaintiff's counsel, with social security numbers redacted. Any such personnel information obtained in this action which is asserted by Rutherford County to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case

No. 1:05 CV 211-T" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.)

3. In the absence of written permission from Rutherford County or an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file and the right of the Rutherford County or their designated representatives from examining personnel information to the extent permitted by law.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to defense counsel (which letter shall be provided to counsel for Rutherford County): (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if Rutherford County agrees, that access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, the disposition of all confidential personnel information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

SO ORDERED, this the 11th day of October, 2005.

_____
DENNIS L. HOWELL
United States Magistrate Judge

CONSENTED TO BY:

_____
William E. Moore, Jr.
Attorney for Plaintiff

_____
Arcangela M. Mazzariello
Attorney for Plaintiff

_____
Sean F. Perrin
Attorney for Rutherford County